J-S51018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JONES | |
| Appellant | No. 1977 MDA 2013 |

Appeal from the Judgment of Sentence September 13, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002609-2012

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                   **FILED FEBRUARY 24, 2015**

William Jones appeals from the judgment of sentence entered September 13, 2013, in the Luzerne County Court of Common Pleas.  The trial court imposed an aggregate sentence of 36 to 72 months' imprisonment following Jones's conviction of possession with intent to deliver (PWID) heroin, possession of heroin, and possession of a small amount of marijuana.[1]  Contemporaneous with this appeal, Jones's counsel has filed a petition to withdraw from representation and an ***Anders*** brief.[2]  Counsel's ***Anders*** brief challenges the trial court's denial of Jones's pretrial motion to

---

[1] 35 P.S. §§ 780-113(a)(30), (16), and (31), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).  ***See also Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981); ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009)

suppress physical evidence and a written statement, as well as the sufficiency and weight of the evidence supporting the convictions. For the reasons set forth below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Jones's arrest and conviction are as follows. On July 15, 2012, at approximately 1:00 p.m., Officer Robert Collins, of the Wilkes-Barre Police Department, was on routine patrol in the Boulevard Town Homes area.[3] Officer Collins noticed a car parked too close to the corner on South Welles and East Northampton Street. When he approached, he observed Jones in the driver's seat and Keith Iris, a known heroin user, leaning inside the driver's side window. N.T., 7/8-9/2013, at 36, 47. Officer Collins pulled his police cruiser parallel to Jones's vehicle. When Jones saw him, Jones quickly dropped something out of his left hand. Officer Collins exited his cruiser, and asked Jones to step out of his vehicle. When he did, the officer immediately noticed a "bundle of heroin in between the doorjamb and the seating area of the driver's side."[4] *Id.* at 37. Thereafter, Officer Collins placed Jones under arrest, and during a search incident to arrest

_____

[3] At the suppression hearing, Officer Collins testified he had been a patrol officer for six and one-half years, and had made approximately 500 arrests of "people engaged in drug activity." N.T., 5/16/2013, at 7. He reiterated that testimony at trial. N.T., 7/8-9/2013, at 33-34.

[4] Officer Collins stated he had seen heroin "[m]aybe 500 times, a lot" during the course of his job, and it was "immediately apparent" to him that the bundle on the floor of the car was heroin. *Id.* at 38.

uncovered 16 bags of heroin, "along with a couple bags of marijuana[,]"and a total of $1,597.00 in cash, secreted in his pockets.[5]  *Id.* at 39-40. The officer did not find any needles or other evidence of drug use paraphernalia. Officer Collins transported Jones to the police station, where Jones waived his ***Miranda***[6] rights and provided the following written statement to police: "I had 26 bags of dope on me at the time of my arrest.  Because I did have them on me, I was planning on selling them."[7] *Id.* at 45.

Jones was charged with PWID, possession of heroin, and possession of a small amount of marijuana.  He filed a motion to suppress both the evidence recovered during the "stop" and the statement he provided to police.  The trial court conducted a suppression hearing, and, on May 30, 2013, denied Jones's motion.  On July 9, 2013, a jury returned a verdict of guilty on all charges.  Jones was sentenced on September 13, 2013, to an

---

[5] The parties stipulated at trial that the total aggregate weight of the heroin recovered was .74 grams, and the total aggregate weight of the marijuana recovered was 1.99 grams.  *Id.* at 86-87.

[6] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

[7] At trial, Jones testified he was a passenger in the parked car and that Iris was leaning in the window, offering to sell him heroin.  N.T., 7/8-9/2013, at 92-95.  Although he admitted he had heroin on his person, Jones testified the drugs were for his personal use, and the bundle of heroin in the car was not his.  *Id.* at 95-97.  Furthermore, Jones testified that, earlier that day, he took "a couple of Vicodins and … snorted a bag of heroin." *Id.* at 97.  Jones claimed to have no memory of signing a written statement at the police station. *Id.* at 101-102.

aggregate term of 36 to 72 months' imprisonment. He filed a timely post-sentence motion to modify his sentence, which the trial court denied on September 23, 2013. This timely appeal followed.

When direct appeal counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Here, our review of the record reveals that counsel has substantially complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny. Specifically, counsel filed a petition for leave to withdraw, in which he states his belief that the appeal is frivolous, filed an **Anders** brief pursuant to the dictates of **Santiago**, **supra**, furnished a copy of the **Anders** brief to Jones, and advised Jones of his right to retain new counsel or proceed *pro se*. **Commonwealth v. Ferguson**, 761 A.2d 613, 616 (Pa. Super. 2000). Moreover, the record contains no additional correspondence from Jones. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

Preliminarily, however, we must determine whether Jones's claims are waived based on his failure to file a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). While his notice of

appeal was pending, Jones filed a PCRA[8] petition challenging the stewardship of trial counsel. The trial court dismissed the petition, without prejudice, as premature. **See** Order, 10/31/2013. However, trial counsel then moved for the appointment of conflict counsel. In an order dated November 26, 2013, the court appointed new counsel, and directed him to file a Rule 1925(b) statement on or before December 16, 2013. **See** Order, 11/26/2013. After receiving an extension of time prolonging the deadline until December 27, 2013, counsel still failed to file a concise statement. Accordingly, on February 26, 2014, the trial court filed an opinion deeming all of Jones's claims waived on appeal for his failure to file a concise statement. **See** Pa.R.A.P. 1925(b)(4)(vii). **See also** Trial Court Opinion, 2/26/2014. Thereafter, counsel filed, in this Court, an **Anders** brief and accompanying petition to withdraw.

Pursuant to Rule 1925, counsel who determines an appeal is frivolous and desires to withdraw from representation may file "a statement of intent to file an **Anders/McClendon** brief in lieu of filing a [Rule 1925(b)] Statement." Pa.R.A.P. 1925(c)(4). However, counsel's failure to file any Rule 1925 statement, when ordered to do so by the trial court, may be considered ineffectiveness *per se*, in which case "the appellate court shall remand for the filing of a Statement *nunc pro tunc*." Pa.R.A.P. 1925(c)(3).

---

[8] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

Here, counsel neglected to file any concise statement although ordered to do so by the trial court. For that reason, we could consider counsel's actions ineffectiveness *per se* and remand for the filing of either a Rule 1925(b) statement or a Rule 1925(c)(4) statement of intent to file an ***Anders*** brief. ***See Commonwealth v. McBride***, 957 A.2d 752, 758 (Pa. Super. 2008) (remanding for Rule 1925 statement, even though counsel filed an ***Anders*** brief, because the absence of a trial court opinion prevented meaningful appellate review). However, in the interests of judicial economy, we decline to do so. Because counsel has determined Jones's appeal is frivolous and filed an ***Anders*** brief, we presume, upon remand, he would file a Rule 1925(c)(4) statement of intent to file an ***Anders*** brief, which would provide no further elucidation to the trial court of the issues raised on appeal. Moreover, our review of the issues identified in counsel's ***Anders*** brief is not hampered by the lack of a trial court opinion. Accordingly, we will proceed to address the substantive claims on appeal.[9]

The first issue identified in the ***Anders*** brief challenges the trial court's denial of Jones's pretrial motion to suppress the drugs recovered from his vehicle and person.[10] Jones asserts Officer Collins subjected him to an

---

[9] We note that "this Court may affirm a trial court's decision if it is correct on any basis." ***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014).

[10] We have reordered the issues as they appear in the ***Anders*** brief for purposes of disposition.

investigatory stop, without sufficient reasonable suspicion that he was violating a provision of the Motor Vehicle Code.

Our review of an order denying a motion to suppress is well-established:

> We are limited to determining whether the lower court's factual findings are supported by the record and whether the legal conclusions drawn therefrom are correct. We may consider the evidence of the witnesses offered by the Commonwealth, as verdict winner, and only so much of the evidence presented by [the] defense that is not contradicted when examined in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court were erroneous.

***Commonwealth v. Feczko***, 10 A.3d 1285, 1287 (Pa. Super. 2010) (citation omitted), *appeal denied*, 25 A.3d 327 (Pa. 2011).

Here, both the trial court and Jones refer to the encounter at issue as a "vehicle stop." ***See Anders Brief*** at 10; Findings of Fact and Conclusions of Law, 5/30/2013, at 3. Pursuant to 75 Pa.C.S. § 6308(b), a police officer may stop a vehicle if he "has reasonable suspicion that a violation of [the Motor Vehicle Code] is occurring or has occurred." However, Jones's vehicle was already parked when Officer Collins arrived on the scene. Therefore, we will consider the officer's actions under the traditional standards of police interactions.

> Fourth Amendment jurisprudence has led to the development of three categories of interactions between citizens and the police. The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be

- 7 -

supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Ellis*, 662 A.2d 1043, 1047-1048 (Pa. 1995) (internal citations omitted).

We find that when Officer Collins ordered Jones out of his vehicle, the encounter rose to an investigatory detention, for which the officer was required to have "reasonable suspicion."

Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. In order to justify the seizure, a police officer must be able to point to "specific and articulable facts" leading him to suspect criminal activity is afoot. In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.

*Commonwealth v. Holmes*, 14 A.3d 89, 95 (Pa. 2011) (internal citations omitted).

Our review of the record reveals that Officer Collins possessed the requisite reasonable suspicion to detain Jones. The officer observed Jones in the driver's seat of a car that was parked illegally in a "high-crime, high-drug area." N.T., 5/16/2013, at 8. Officer Collins testified that he had "had contact with Mr. Jones several times" and "[e]very time Mr. Jones's license has been run, it's been suspended." *Id.* at 9. The most recent encounter was "no more than six weeks prior" when the officer investigated a motor

vehicle accident involving Jones. *Id.* at 9-10. *See Commonwealth v. Farnan*, 55 A.3d 113 (Pa. Super. 2012) (holding officer's knowledge that driver's license had been suspended 30 days earlier was sufficient to justify vehicle stop). Furthermore, the officer also recognized Keith Iris, "a known heroin user," leaning in Jones's car window. *Id.* at 10. Officer Collins explained that when he pulled his police car parallel to Jones's door, Jones looked at him and "quickly" dropped something he had in his hand. *Id.* at 12. At that point, the officer exited his car, ordered Iris away from the window, and asked Jones to exit his vehicle. *Id.*

Based upon the totality of the circumstances, including Officer Collins's knowledge that Jones had been driving with a suspended license only a few weeks earlier, the officer's observation of Jones's illegally parked car, and Jones's suspicious movements after he noticed the officer, we find Officer Collins had reasonable suspicion to detain Jones while he investigated further. *See Holmes*, *supra*. Immediately upon Jones's egress from the vehicle, Officer Collins saw the bundle of heroin in plain view. Accordingly, we conclude the trial court did not abuse its discretion in denying Jones's pretrial motion to suppress the evidence recovered during the officer's investigation, and no relief is warranted on this claim.

The *Anders* brief next challenges the trial court's denial of Jones's pretrial motion to suppress the statement he gave to police. Jones testified at trial that, on the day of his arrest, he had taken "a couple of Vicodins and

… snorted a bag" of heroin, and that he did not remember giving a written statement to police. N.T., 7/8-9/2013, at 97, 102.

The Commonwealth bears the burden of demonstrating that a defendant "knowingly and voluntarily waived his **Miranda** rights." **Commonwealth v. Eichinger**, 915 A.2d 1122, 1135 (Pa. 2007), *cert. denied*, 552 U.S. 894 (2007). "In order to do so, the Commonwealth must demonstrate that the proper warnings were given, and that the accused manifested an understanding of these warnings." **Id.** at 1136. Moreover, we are guided by the following:

> The fact that an accused has been drinking does not automatically invalidate his subsequent incriminating statements. The test is whether he had sufficient mental capacity at the time of giving his statement to know what he was saying and to have voluntarily intended to say it. Recent imbibing or the existence of a hangover does not make his confession inadmissible, but goes only to the weight to be accorded to it.
>
> "[W]hen evidence of impairment is present, it is for the suppression court to decide whether the Commonwealth has established by a preponderance of the evidence that the suspect nonetheless had sufficient cognitive awareness to understand the **Miranda** warnings and to choose to waive his rights.

**Commonwealth v. Ventura**, 975 A.2d 1128, 1137-1138 (Pa. Super. 2009) (internal citations omitted), *appeal denied*, 987 A.2d 161 (Pa. 2009).

At the suppression hearing, Officer Collins testified he orally advised Jones of his **Miranda** warnings, and Jones initialed a warning form prior to providing his written statement. N.T., 5/16/2013, at 15-16. The officer further testified that Jones did not appear to be intoxicated, lethargic or

sleepy, was not slurring his speech, and was speaking "clearly and normally." *Id.* at 19. Although Jones testified he "didn't even remember" initialing the *Miranda* warnings form or providing a written statement,[11] the trial court resolved the issue of credibility in favor of the officer. *See* Findings of Fact and Conclusion of Law, 5/20/2013, at ¶ 15. Accordingly, we conclude Jones is entitled to no relief on this claim. *See Feczko*, *supra*.

The third issue identified in the *Anders* brief challenges the sufficiency of the evidence supporting Jones's conviction of PWID. At trial, Jones admitted he had heroin and marijuana on his person, but claimed the drugs were for his personal use. N.T., 7/8-9/2013, at 95, 99. He also denied knowing anything about the bundle of heroin found in the vehicle. *Id.* at 96.

Our review of a challenge to the sufficiency of the evidence is well-established:

> [W]e evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

---

[11] N.T., 5/16/2013, at 35.

*Commonwealth v. Taylor*, 33 A.3d 1283, 1287-1288 (Pa. Super. 2011) (internal citations omitted), *appeal denied*, 47 A.3d 847 (Pa. 2012).

"To convict a person of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it." *Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (Pa. Super. 2005) (citation omitted). The Commonwealth may prove the defendant's intent to deliver "wholly by circumstantial evidence." *Id.* (citation omitted). When the intent to deliver is not evident from the facts, the Commonwealth may present expert testimony on the issue.

> Such testimony is admissible to aid in determining whether the facts surrounding the possession of controlled substances are consistent with intent to deliver. The amount of the controlled substance is not "crucial to establish an inference of possession with intent to deliver, if ... other facts are present."

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007) (citation omitted).

Here, the Commonwealth presented the testimony of Officer Thomas Kaluzny, an expert in street level drugs and drug parphrenalia, who opined that Jones possessed the bags of heroin with the intent to deliver them. N.T., 7/8-9/2013, at 65, 71. In particular, Officer Kaluzny noted: (1) Jones possessed no drug paraphernalia typical of a heroin user; (2) the drugs recovered were packaged for resale; (3) Jones had more than $1,500 in cash on his person at the time of his arrest; and (3) Jones provided a written statement to police indicating his intention to sell the heroin. *Id.* at 67-70. Although Jones presented his own expert who contradicted Officer Kaluzny's

conclusions, the jury was free to conclude that the Commonwealth's expert was more credible. **Taylor**, **supra**. This is especially true since Jones admitted his intent to deliver the drugs in his statement to police. Accordingly, no relief is warranted.

The final issue identified in the **Anders** brief is a challenge to the weight of the evidence.

It is well-settled that when reviewing a weight of the evidence claim,

> an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination.

**Commonwealth v. Lyons**, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, 134 S. Ct. 1792 (U.S. 2014). For that reason, "[a] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (Pa. 2013) *(*citations omitted). **See** Pa.R.Crim.P. 607.

Here, Jones neglected to challenge the weight of the evidence in his post-sentence motion. Nor did he raise a challenge either prior to or during the sentencing hearing. **See generally** N.T. 9/13/2013. Therefore, this claim is waived for our review.

Therefore, because we agree with counsel's assessment that Jones's appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015